May it please the Court, Steve Sadie from the Federal Public Defender's Office for Andrew Kowalczyk. This is the interlocutory appeal from a commitment order for evaluation and treatment of an individual determined to be incompetent and never having been determined to be restored to competency. Mr. Kowalczyk was found incompetent by a preponderance of the evidence supported by two detailed psychological reports and that occurred on June 10, 2013. Yet for two years since that date, he has had no lawyer. Under the Sixth Amendment and 4247D, an incompetent defendant cannot be required to face the power of the government alone. The Sixth Amendment right to counsel, at its heart, guarantees that no citizen faces the power of the government alone. He had nine different lawyers appointed to him. Among the best lawyers in the Ninth Circuit representing him, he didn't seem to be able to get along with any of them. I would say that under the Dusky Standard that that is evidence that he has not had sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding, which is both the 4241DA standard as well as the Supreme Court standard. That's why we are in this situation and the question becomes what should happen to an order where there's no counsel in violation of both the Sixth Amendment and the statute. Before we get too far along, I guess I want you to stop a little bit and think about whether this is really an order we can even hear. I mean, I read all these, I've read Friedman, I've read quite a few of these cases, even Self, and I guess I'm trying to figure out why it's here. This judge said, and I quote time after time, I don't know what to do. He could be competent, he could be incompetent. I can't decide what to do because I don't believe either one of those who have examined him thus far. And so therefore, we need to send him for another exam and whatever happens on that exam, we're glad to do. Now to me, that stands right in the middle of No Runner, which says if you're found competent, you don't get to come on appeal, and Friedman, which says if you're found incompetent, you do, on collateral order. So why have you got it here? All we got is an order from good judge Mossman who's trying to say, I don't know what to do. We better send him over there and have him re-examined. Not only should we have him examined, we'll let him be examined by a different person so I can determine what to do. Why do you have a collateral order here? This case falls flat in the middle of the collateral order doctrine. Why is it flat in the middle? The judge didn't say he was competent or incompetent. And the judge was in that situation because there was no defense counsel asserting positions on his behalf. It's structural error. But that doesn't get me there because if the guy's competent, even with no counsel, there's no way to get it up to me. If the guy is not competent, even with counsel, he gets up, or even without counsel, he gets up to me. So how do I determine what to do here? The number of ways in which this case fits into the collateral order doctrine not only depends on the structural error of the lack of counsel. There's also the aspect of it that instructed that the entire record is that ... Is there a good case for what you're arguing, counsel, because this isn't a jury? I'm only bound by law. Is there a good case you're going to cite me to suggest this comes up when the judge was, frankly, not sure what to do? It doesn't matter whether the judge was sure, unsure, or any other place in between. If the collateral order doctrine has any meaning, it applies in the context where there is a commitment order that the attorney general is instructed, an instruction that violates the statute by calling for evaluation and treatment within a single cycle. If I look at Flanagan, it says three things. It must conclusively determine the disputed questions. It must resolve an important issue completely separate from the merits. It must be effectively unreviewable on appeal. This wasn't conclusive determination, and it certainly is not unreviewable on appeal. And so, therefore, given Flanagan, it doesn't meet the collateral order standard. I believe it does because it is not reviewable on appeal because once the ... You've got to meet all three. I believe this meets all three because once you have the order entered with specific instructions, those instructions are going to be followed in the absence of an appeal. We're trying at this point to staunch the cascade of ... How does this affect his liberty interest? He was already in jail. He was already behind bars. All he is is ... He has been moved from one place to another and trying to figure out whether he's competent or not. How is his liberty interest affected? Exactly the same way the Supreme Court said it was in Sell. That person was also subject to a commitment order and an order in that case for involuntary medication. But the cases following Sell in this circuit indicate that that same type of interest is at stake. Let me ask you a question. What is it you're after? What I want is, and what I believe that the law fully supports here, is that there is structural error. Therefore, the commitment order should be vacated. Second, on the remand, the case should be redesignated to a different district court judge who had not been exposed to two years of pro se representation by an incompetent person to preserve the appearance of justice. Third ... Is the structural error the attorney error? No. The structural error is the failure to appoint counsel and have counsel represent throughout. Throughout. And that requirement began on June 10th at the latest in 2013 and has continued ever since. The government has argued waiver. I don't think there is any way a competent, an incompetent person ... Let me ask you this. It seems to me that what your client is seeking is a finding that he is incompetent to stand trial. He doesn't want to go to trial, does he? Your Honor ... He doesn't want to go to trial. He wants counsel. He wants ... He doesn't want to go to trial. He's been putting this thing off. He's not stupid. Because he knows if he goes to trial, it's not going to be good for him. And so his only hope is, for whatever reason he's got, is not to go to trial. And that all this business about structural error and his right to counsel and his right to testify and his failure to allow a judge to allow him to testify at the last hearing raises these constitutional issues. They do. Is that all part of the plan to get his case ultimately dismissed? Your Honor, what I think I just heard ... Try to figure out what you're after. And I think that part of it goes back to what the remedy is. And I think the remedy here is a remand to the district court for a determination of what the ... I didn't ask you that question. The reason that I ... Listen, this district judge, from what he's gone through, has just been the epitome of patience and kindness. And your client, including yourself, because you're a great defense lawyer, but I know the people who have been called upon to represent, they're the best you can find. Other than my friend here, that's right. But so what they want, and what I think he wants, is he wants to be found incompetent to stand trial permanently. That saves him. If he's found incompetent to stand trial, then that's a big problem. But the only out I can see, and maybe I'm dreaming about this, is that you're getting these structural errors in there. Somehow you think that's going to cause the case to be dismissed. I don't see how that's ever going to happen. So then there's this judge. He gives them everything he wants. But then he wants to go back. He wants to have his competency determined. And the judge keeps, despite some of the reports that he gets from some of the doctors, albeit those hired by the state, that he's competent to stand trial. The judge bends over backwards and sends him back for another hearing. I mean, I've never read a record like this. I've never filed a case. Well, recently it's become bewildering, because this one is trying to figure out what is it you want. What's the handle on this case? Your Honor, there's two things. I'm asking you to tell me what I want. I don't want to. I do want to tell you that, Your Honor, which is that, first of all, I'm concerned that your evaluation of this case and what he wants is the product of the violation of the Sixth Amendment, because for the last two years he has been exposed without the insulation of counsel. The second thing is the court — He had five lawyers in a row. And the last one is the one at issue. And let me suggest what the court could have done at that point. The best of them, and many of them, had bottomless patience. The judge had bottomless patience. If I could just suggest what the judge could have done with the last lawyer, because remember at that point no lawsuit had been filed, no complaints had been filed. Mr. Defendant, you have been determined to be incompetent. You have to be represented by counsel. I'm appointing counsel to represent you. If you have serious problems with counsel, you must tell me because I am ordering you not to file civil actions or bar complaints without my approval. If you do, counsel, I am instructing that under the CJA Act Section E, I am authorizing you to retain counsel to quash any such actions. Therefore, it's in the same type of situation as Julison, which this court just approved earlier this week, where there are ways that exercising the court's ancillary authority, you can require counsel for somebody who is incompetent. Otherwise, we have this spectacle of an unrepresented person, who everybody agrees is mentally ill, trying to help himself and doing nothing more than earning the antagonism of the court and the government. But let's assume that's right. I'm going to follow up with Judge Patterson's question. Let's first assume the request to replace Judge Mossman. I'm going to forecast my vote a little bit. That's not going to happen. All right, so that's off the table. So now, what is it? And again, I, Mr. Sadie, I appreciate you stepping in on this case after especially what's happened to the last nine attorneys in this case, and I applaud you for all your efforts here. What is it then? Let's assume we think there was an error of some kind below, either not letting him speak in the one hearing or not doing the proactive message you just discussed. Where do we go from here? Assuming Judge Mossman's not going anywhere, no indictment's going to be dismissed, what's next? The judge holds a hearing because there's now been a determination that there's been a Sixth Amendment violation. The next job under a laffler is what remedial actions can be taken, and that may involve sealing material. It may involve a different prosecutor. It may involve other efforts to try to insulate the process from the two years of structural error that has occurred. If this is really a collateral order, as you suggest, why is that even an issue? It seems to me that's an issue for the trial. We've still got to determine competence, and I don't see why it is we're ever into the issues you now talk about. It seems to me all we've got left here, if this is really a collateral order that you claim it is, is to determine his competence. Then if, in fact, the competence is determined, then he goes to trial and he makes all these motions you now want to make. Why is that necessary here? Because with a counsel, the order for commitment will, I hope, be limited, not including a second evaluation, but a determination of present ability to aid, which is the only question that should be resolved. But that has nothing to do with the issues you've now talked about. We're just talking about I'm kind of like my colleague. I don't know where you want to go. If we're really in a collateral matter and we're only talking about competence and you're saying that the district court's order says he's incompetent so you can determine a judge, he'll be in your court. Then I say to myself, it seems to me, that I only then issue an order dealing with the competence or the non-competence of the defendant. I don't have to get into whether all these disclosures by his attorney are going to matter in the future, whether all those disclosures by his attorney should have been made at all. That's all for a trial. Why do I need to get into that here? As we've asked for, we've asked for that to be resolved in the first instance by the district court. Why? What case? What says that has to be determined on the competency issue? Because that's a condition precedent to what's happening below. We need to know whether there was a Sixth Amendment violation or not. If there was a Sixth Amendment violation, that instructs what type of commitment order would be appropriate, which I would be arguing is only restorability. The only remaining question, once he's been determined to be incompetent and there's been no finding by a preponderance that competence has been restored, he is still incompetent and the court, if the court makes a determination, for example, a Sixth Amendment. He got what he wanted every time. You know, what he wants is to be found incompetent. He wants to have counsel. He has said repeatedly and consistently. His best interest, however, what he wants is to be found incompetent to stand trial. He doesn't want to be found incompetent to stand trial. He doesn't. He has been found incompetent. And the question now is what happens now? And he should have. One of the court's rulings about the Sixth Amendment and 4247D should be he should continue to have counsel in the district court. What do you do about the fact that he's had nine lawyers and he keeps firing them, firing them, firing them? I think they're miserable. Some last a month, some last two months. Some are angels, they last ten months, you know. The question in each of those cases was the court's exercise and discretion on how the court wanted to handle that situation. We don't second guess what the judges did in their discretion in substituting off. The only issue here is the last one where there was no substitution of counsel, where they withdrew but there was no substitution. That's the crux of why this is reviewable, why the order is unlawful, and why that unlawful order is only reparable by action by this court making a determination about the right to counsel that nobody faces, the government alone, and that that's what should happen on the remand with the advice of counsel, determining what the appropriate order should be. The court does not need to micromanage the district court, but it does need to say there is a Sixth Amendment right, you have the ancillary power, and with that ancillary power, you should assure that this incompetent person is represented by counsel at least until he is restored. Thank you. May it please the court, Gary Sussman appearing for the United States. Throughout the course of the proceedings below, this defendant has consistently maintained that he is not competent to proceed to trial. The district court had some very serious questions as to whether he was truly incompetent or whether he was simply malingering. But in the end, the district court found that he was not competent to stand trial. Now, that's the finding defendant wanted, as Judge Preterson pointed out. That's the finding he got. And having made that finding, the district court was obligated by statute to order him committed to the custody of the attorney general for evaluation and treatment, which is what the court did. Now, having gotten the finding of incompetence that he wants, defendant appeals from the district court's order of commitment and treatment, raising a host of challenges to both the competency hearing itself and then the commitment order. But before we get to that, Judge Smith raised a very good point, and that is, is this within the collateral order doctrine and immediately reviewable on appeal? In response to his motion for a stay pending appeal, the government argued that it did not fall within the collateral order doctrine. This court issued the stay pending appeal without resolving that one way or the other. We revisited that briefly in our brief. But the closest case, the closest case that would apply the collateral doctrine here, the collateral order doctrine is the Friedman case. But in that case, the defendant had maintained that he was competent. The district court found him incompetent and ordered him committed. And under those circumstances where the defendant was saying, look, I'm competent, I want to go to trial, and the district court said, no, you're not competent, and you're going off to the hospital for treatment, this court held that the only way to redress any possible injury was to allow collateral review. That's not the case here. But, in fact, this is the opposite of what I was questioning counsel, but my questions are not necessarily meant to suggest what I'm thinking. In fact, Judge Mossman did declare him incompetent in his order, did he not? In the original order of June 10th? No, in the second order. Right, yes. He declared him incompetent, and he sent him for an evaluation. The fact that the written order declares him incompetent seems then, even though what he suggested was not necessarily the same as Friedman, seems then to meet then the collateral order rule, does it not? I would question that, Your Honor. Well, I'm questioning it too. That's why I ask him the questions, and now I'm asking you. It seems to me that the very fact that one is declared incompetent and then has to undergo some treatment for that competency is different than any liberty interest the defendant has been subject to to that point, and therefore seems as if, looking at Friedman, this is a collateral order I have to talk about. Tell me why I'm wrong. Because the defendant in Friedman had, I don't believe was in custody to begin with, and ended up in custody going to the hospital. Oh, that's the difference? That's a big difference, and the second difference is Friedman said, I'm competent. I want to go to trial. And the district court in Friedman said, no, you're not, and you're going to the hospital. All right. I just wanted your take on that because I frankly find those issues, if he hadn't issued the written order, and I only looked at what Judge Mossman said at the hearing, after everything was said and done, I'm not even sure he found him incompetent, but the order is certainly clear. He's incompetent. There were some serious doubts on Judge Mossman's part as to whether he was or was not competent. This issue of competency, that's a matter of belief that the defendant can keep bringing up and bringing up as often as they like. You should take it. You can send him away, come back with the opinion that he's competent. The judge finds him competent. A month later, you can come in again and have his counsel say, well, a month has passed. These are things that have happened. He's no longer competent. So we have another hearing. And then you stop talking about it. Not particularly, no. Not fixed forever. You're finding. No, competence. Right, which is one of the key things that you have to take a look at, is that 4241 allows for competency determination. At any point in the proceedings, from the time charges are started until the time of sentencing, and even again while a person's on probation or supervised release. Competency can always be revisited. It's a fluid, dynamic concept. Someone who was competent yesterday may not be competent tomorrow. Someone who judged incompetent last month may have their competency restored next month. And district courts have to retain the flexibility to be able to make those determinations. Counsel, in this case, one of the things that Mr. Kowalczyk is arguing is that he wasn't allowed to speak at the last hearing. And I understand the government's argument is, well, actually he was allowed to speak, and he just was talking about Springfield. But let's assume that there was a technical error there that Judge Mossman should have allowed him to speak when he said, may I speak before he was ordered. I didn't see anything in your brief arguing harmless error on that. Are you asserting that the error, if there was an error by Judge Mossman, it was harmless because I didn't see the word harmless in your brief. We didn't use the words harmless error, but I think the argument that we made was first there was no error at all. And if there was error, it must have been harmless because he was given the opportunity to say what he wanted to say. He said what he wanted to say. He basically just said, look, I don't want to go back to Springfield and Judge Mossman said, we can do that much for you. And granted him that relief that he asked for both there on the transcript and in the final order. But can we find an error harmless now when, at least in the brief, you didn't argue that it was harmless. I think you can find that error harmless, even if we didn't use the words harmless error. If we substantively provided you with the argument, which is that argues it is in fact, harmless error. I'm sorry. I don't think there's a need for it because frankly, there was no error at all. Okay. It seems to me that if this is a failure to be allowed to speak or testify, would that be structural error? Well, there was no failure to allow him to speak. I'm just giving you the question. If there was a failure to allow him to speak or to express himself, wouldn't that be structural error for which there is no harmless error analysis? If there was a total lack of, if he was totally precluded from testifying what he wanted to, or if he was precluded from making arguments when he wanted to, that could be considered structural error. And then we wouldn't talk about harmlessness, would we? Well, there would be no harmless error analysis at that point. So it seems to me then that your better argument is that there were two hearings. Let me just push this to you. It seemed to me like there was a competency hearing where he got up and examined witnesses. He got a chance to do everything he wanted to do, and at the end he said he didn't want to testify. Then there was a second hearing. The second hearing wasn't really about competency. It was about an argument for which there was supplemental briefing, and therefore everybody, the government argued, his amicus argued, and at the end he said he wanted to talk, and the judge said, no, here we're just about argument, right? So if we're only about argument, then we're not really talking structural error, are we? No. We had, as you pointed out, there were two separate hearings. The first hearing was the evidentiary hearing at which the defendant was able to participate personally in addition to the representation through amicus counsel, and I do want to address the amicus counsel before the argument ends. At the second hearing, it was post, it was after the evidentiary hearing. There was post-hearing briefing submitted, and we were essentially arguing the issue of is defendant competent or is he not before Judge Mosley. Amicus counsel argued on defendant's behalf very effectively. The government argued, and then that's when Mr. Kowalczyk stood up and said, I'd like to say something, and then eventually did say, I don't want to go to Springfield, and the judge said, that's fine. So it wasn't an instance where we're at an evidentiary hearing taking evidence, taking testimony, and the defendant wants to either testify himself and is told no or wants to argue at that hearing and is told no. What we're dealing with here is someone who simply wanted to let Judge Mosley know he didn't want to go back to Springfield, and he was able to do that, and Judge Mosley granted that request. Now, I'd like to address the issue of defendant being unrepresented for two years, which we heard repeatedly during the opening argument today. In fact, defendant had been represented during that period. In fact, the government moved for the appointment of counsel after the June 10th hearing when Mr. Kowalczyk was coming back for another competency determination, and the district court granted that request, appointing what was then the ninth court-appointed attorney to represent Mr. Kowalczyk. That attorney lasted less than two months before he filed a motion to withdraw, citing a total and irreparable breakdown in the attorney-client relationship and threats to file a lawsuit and a bar complaint against the attorney, just as Mr. Kowalczyk had with his prior-appointed attorneys. Now, at that point, the district court found itself in a conundrum. I believe the district court used the words, it's a catch-22. Judge Mosley recognized that clearly the defendant had a right to be represented. But at the same time, he also recognized defendant's long and manipulative history of filing lawsuits against his attorneys, filing bar complaints against his attorneys, harassing them, bullying them, and manipulating them. And Judge Mosley also found that the defendant had a history of using those appointments for the purposes of tactical delay. So what was the district court to do at that point? Continue this endless cycle of appointments and attorney abuse and motions to withdraw or come up with some other more innovative solution, which is what Judge Mosley did. He appointed what he described as amicus counsel to, and charged amicus counsel with doing his level best to ensure that defendant's constitutional rights were protected at the competency hearing and that he received a full and fair competency hearing. The district court instructed amicus counsel to make independent decisions as to how best to vigorously represent the defendant's interests at the hearing. And that's what amicus counsel did. In a separate order... Have we ever approved such procedure? This court has not specifically addressed it, but a couple of other circuits have held that at least under some circumstances, a competency hearing may proceed, even though a defendant is not represented by appointed counsel. For example, in United States v. Ross, the Sixth Circuit held that the use of standby counsel at a competency hearing may be sufficient to overcome a denial of counsel claim where the attorney prepared for the hearing and provided meaningful adversarial testing of the evidence at the competency hearing. That is exactly what happened here. In Wise v. Bowersox, the Eighth Circuit found no deprivation of counsel where standby counsel moved for a competency hearing and participated meaningfully in the hearing, examining witnesses and arguing on the defendant's behalf. So we've got to adopt a rule that follows the Sixth or the Eighth in order to go where he wants to go. And some other circuits as well, many of which have kind of examined whether or not... They've used the chronic standard, the meaningful adversarial testing standard. A couple of circuits, like for example, Purnett and Klatt, have held that under the circumstances in those cases, there was no meaningful adversarial testing. And so under those circumstances in those cases, well, I think Purnett reversed and Klatt sent it back for an evidentiary hearing. The judge here told these gentlemen, look, we've given you nine lawyers. And as I recall, when he came in again, he was told that he's determining the judges, that having gone through these nine lawyers over a period of a year or two, that he's treating that as a waiver of counsel. He keeps giving them lawyers, he keeps suing them. He doesn't want to threaten to sue them. Or in fact, does sue them. He filed lawsuits against two of them.  And then that's when he appointed the amicus counsel. That's correct. At that final hearing. Not at the final hearing. It was before the final hearing. It was back in January. Before the final hearing. Yeah. He had the amicus counsel. And charged amicus counsel with doing his level best to vigorously advocate on defendant's behalf. Which is what counsel did. The benefit of having the amicus counsel status was that Mr. Kowalczyk couldn't fire him. Now, Mr. Sadie suggests that there's something else the district court could have done. The district court could have said, Mr. Kowalczyk, you are no longer allowed to file civil actions or bar complaints against your attorneys without checking with me first. He doesn't cite a single case that stands for the proposition that the district court has any such authority. The government's not aware of any authority for that. And in fact, this court in the Ringgold Lockhart case suggested that that kind of prior restraint on the First Amendment rights of a defendant is something that should be invoked only highly infrequently and only under the most trying of circumstances. I'm not sure the district court could have done what Mr. Sadie asks. I don't think the district court was required to do so. But it sounds like the arsonist blaming the judge for not taking the matches away from him. It does sound that way, yes. And in terms of other remedies that this court should consider, I would suggest that no such remedies are warranted. If this court concludes that the language of the order is somehow remiss, the order can be amended. If this court concludes that there was some fundamental defect at the competency hearing despite the zealous advocacy on defendant's behalf of amicus counsel, then a new hearing can be ordered, at which I'm sure a defendant would be asking the district court to make the same findings that the district court made following the last hearing. But that's all he's entitled to. He's entitled to nothing more. Anything else would amount to a windfall for a defendant who sexually abused three very young children, including a set of two-year-old twin girls in the most horrible ways imaginable, and then produced child pornography documenting it. He's entitled to a fair hearing. He got a fair hearing. He abused his attorneys one after the other serially. He was appointed an amicus counsel who zealously advocated on his behalf. He got what he was entitled to, a full and fair competency hearing, and for that reason, the order of the district court should be affirmed. Thank you. May I respond? Thank you, Your Honor. I'd like to start with the question of amicus counsel. That is a place where no court has ever gone. The cases cited by the government all involved standby counsel for people who had competently waived their Sixth Amendment right, which did not happen here. This would be someplace that no court has ever gone before and that the Supreme Court has explicitly said amicus is not a substitute. When I'm representing somebody who has a mental illness, I have obligations under Rule 114 to best determine what my client's interests are and to assert those interests. I have an attorney-client relationship. There are a representation of counsel is the condition predicate to all of the constitutional rights that could not be adequately presented during the time when he was at Springfield. I assume you cited that Supreme Court case to which you now cite in your brief, so I'll be able to read it again. That's Anders and Ensinger. Okay. Anders, Ensinger, and Wilson. If I don't think those quite get there, then it's just a disagreement between you and me. I think that you will get there because those cases involved appeals, which involved due process, so it's an even greater right at the Sixth Amendment level not to have. I understand your argument. Thank you. Go ahead. I do want to address, Your Honor, on the question about Gillenwater, which left open the question of whether it's structural error or whether it's a harmless error standard. First of all, this was a unitary hearing. He's back now in Montana, right? Your client. My client is here in Oregon at the Columbia County Jail. Where? At the Columbia County Jail in St. Helens, Oregon. For? The Columbia County? Awaiting trial. This trial? Yes. We've provided the court with a 28-J letter updating you on his custody status. That's the best we got is the 28-J letter. I'm sorry. That's the best report we got is the 28-J letter. On his location? All right. Yes, that is how I communicated the marshal's transportation. Well, he was on Springfield last time. Where was he? He was at Butner, North Carolina until about two months ago. And what were their findings on the issue of competency? On the state order that the court entered, the case was open for a further order on remand. Judge Mossman held the hearing. At the hearing, the judge decided to hold the matter until opening briefs were filed, and there's been no further order, so there's been no further action taken by the Bureau of Prisons. The order itself is the reason we're asking for it to be vacated is that I believe that it needs to be reassessed in the district court in light. When was that last hearing held? The last hearing was held, I believe, on April 10th and 11th of 2014. Yes, April 10th and 11th of 2014. I know it. That's when the amicus council was there. Yes, only for that part, not for the previous time when he was exposed to the Springfield examination. And during that period of time, despite his request for counsel and the mandamus action that he filed in the Ninth Circuit with the concurring opinion from Judge Walker, pointing out that there was a concern regarding folks who are incompetent proceeding at competency proceedings without Sixth Amendment counsel. Is the matter set for trial now? No, the district court has only limited jurisdiction until this court rules. Say that again. Under the Speedy Trial Act, the period of time during which the competency issue, he is determined to be incompetent, is excludable delay, and there has been a finding of excludable delay. He has not been set for trial. That is correct. And he can come in now to counsel and assert that he is not competent to stand trial. His counsel would make a determination under Ethical Rule 1.14 about how to best proceed with his mental illness and representing his interests. That matter would be taken before the district court. And I think that, as we pointed out, there are severe deficiencies in the order that was entered. The period of custody for incompetency is a separate interest. And the reason that the collateral order doctrine applies in this case is that the difference between the cases isn't a finding of competency or incompetency. Are you answering my question? Apparently not, Your Honor. Just go on and on. I'm just asking you a simple question. There's not a trial date set. I think what I asked you was, is counsel, present counsel, does he have a lawyer now? Yes, I am representing him. You're representing him. Okay, you're representing him. And you can apply now for another hearing on his mental competency. Yes, we will be following this court's remand order, and that will be dictating the structure for our representation. The court's order appointing counsel stated appeal and district court. And I would assume that that means that when we have the remand, that I would still be authorized to represent him. But do you want another competency hearing? I believe it's the only question. No, the hearing should be restorability. At this stage, he is incompetent from June 10th. At the second hearing, there was no, the government did not carry a burden approving competency under the Hasky test that the Ninth Circuit has, so he is still incompetent. So the only question under the three-part 4241A procedure is whether he's restorable. And that's the only question that the court should be addressing on the remand. It's the district court. Yes, in the first instance. It's whether he's restorable. Yes. Whether he's presently competent to proceed. And if he's not, whether he's restorable. It doesn't take much to satisfy the competency rule. You have to be aware of what's going on, and you have to be able to communicate with your lawyer. I believe it's more than that, Your Honor. To have a rational understanding and engage with your defense lawyer, and I think that that has been the crux of the issue in this case. There has not been a question about the first step of the Dusky test and of understanding the proceedings. It's all been about the ability to rationally. You can talk to your lawyer, and you can understand what he's saying, and he can understand what you're saying. I believe that the Dusky standard. It's not a high standard. I believe it's more demanding than being able to understand what the lawyer is saying. I'm not so sure about that. The Ninth Circuit in Boyd talked about how if the person has a delusion, a persecutorial delusion about his defense counsel. I'm just telling you what the bare bone rule is. And in this case, given the persecutorial delusions that he does have about counsel, that's been the issue, and I believe it may still be the issue. Thank you, Your Honor. Unless there's other questions. Anything else? No, Your Honor. The matter is submitted. Court will recess until 9 a.m. tomorrow morning.
judges: Pregerson, Smith, Owens